**GS NEW MARKETS FUND, L.L.C. Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF THE TREASURY, COMMUNITY DEVELOPMENT FINANCIAL INSTITUTIONS FUND Defendant.**

No. Civ.A. 03–2222RJL.

United States District Court, District of Columbia.

March 16, 2005.

---

Elizabeth A. Ferrell, Joseph P. Hornyak, Katherine I. Funk, Sonnenschein Nath & Rosenthal, Washington, DC, for Plaintiff.

Marina Utgoff Braswell, US Attorneys Office for the District of Columbia, Washington, DC, for Defendant.

### MEMORANDUM OPINION

LEON, District Judge.

In this "reverse-Freedom of Information Act" case, plaintiff GS New Markets Fund, L.L.C. ("plaintiff" or "GS") seeks to enjoin the United States Department of Treasury, Community Development Financial Institutions Fund ("CDFIF," "Agency," or "Fund") from releasing any portion of plaintiff's New Market Tax Credit Allocation Application ("Application") pursuant to requests made by third parties under the Freedom of Information Act, 5 U.S.C. § 552 *et seq.* ("FOIA"). The case is presently before the Court on cross-motions for summary judgment. After due consideration of the pleadings, the parties' cross-motions for summary judgment, the parties' oppositions, and the replies thereto, the Court affirms the Agency's decision, GRANTS defendant's motion for summary judgment, and DENIES plaintiff's cross-motion.

## I. BACKGROUND

### A. New Markets Tax Credit Program

CDFIF, the defendant, administers a tax credit program called the New Markets Tax Credit Program ("NMTC" or "program") designed to stimulate community development and job creation in low-income communities by attracting private capital investments. Def.'s Statement of Undisputed Material Facts ("Def.'s SUMF"), ¶ 1. The program "permits taxpayers to claim a credit against their Federal income taxes for Qualified Equity Investments [QEIs] made to acquire stock or a capital interest in designated Community Development Entities [CDEs]." Administrative Record ("Admin.R."), Doc. 40, p. 1. To participate in the program, certified CDEs [1] must submit an "NMTC Allocation Application" ("Application") with the Fund. Admin. R., Doc. 40, p. 1; Doc. 38 [filed under seal]. The Fund reviews each Application, but will allocate only a limited number of tax credits among qualifying CDEs each year. Id., Doc. 40, p. 1; Doc. 41, p. 2. Those CDEs awarded tax credit authority by the Fund must invest the proceeds it receives from investors in low-income communities. Admin. R., Doc. 41, p. 2.

### B. The Agency's Decision to Release Portions of Plaintiff's Application

The plaintiff in this case submitted an Application and was ultimately allocated $75 million in tax credit authority by the Fund. Def.'s SUMF, ¶ 5. Over the course of the next few months, the Agency received several Freedom of Information Act ("FOIA") requests for copies of the plaintiff's 2002 NMTC Application. E.g., Admin. R., Doc. 1 (FOIA request by Creative Investment Research, Inc.); Doc. 19 (FOIA request by Deloitte & Touche); Doc. 24 (FOIA request by Bank One); Doc. 32 (FOIA request by FOIA, Group, Inc.). In each instance, the Agency notified the plaintiff of these requests, and advised plaintiff that the information sought would be disclosed unless the plaintiff provided the Agency with a sufficient basis for withholding the release of the Application. E.g., Admin. R., Doc. 6.

The record indicates that plaintiff sent the Fund two written objections. Admin. R., Docs. 7, 16. In the objections, plaintiff contended in broad terms that the entire Application should be withheld, in addition to specific paragraph-by-paragraph objections, on grounds that the information contained in the Application was confidential "commercial or financial information," exempt from disclosure under § 552(b)(4) of FOIA ("exemption 4"). Admin. R., Doc. 7, p. 1 (Plaintiff's first written objection dated May 30, 2003); Admin. R., Doc. 16, pp. 1–9 (Plaintiff's second written objection dated October 27, 2003). In essence, plaintiff argued that the release of its Application would: (1) undermine plaintiff's position among its competitors; and (2) impair the Agency's ability to collect information in the NMTC Application process. Admin. R., Doc. 16, p. 2. The Agency responded to both objections separately, but, on each occasion, it notified the plaintiff that it decided to release the Application subject to some redactions pursuant to exemption 4. Admin. R., Docs. 10, 18.

---

**1.** A "CDE" is "any duly organized entity treated as a domestic corporation or partnership for federal income tax purposes that: (a) has a primary mission of serving, or providing investment capital for, low-income communities or low-income persons; (b) maintains accountability to residents of low-income communities through their representation on any governing board of the entity or any advisory board to the entity; and (c) has been certified as a CDE by the Fund." Admin. R., Doc. 40, p. 1.

On October 30, 2003, plaintiff filed the complaint in the instant proceedings, along with a motion for preliminary injunction and temporary restraining order ("TRO"), seeking a reversal of the Agency's decision and to prevent the release of plaintiff's Application. Compl. ¶ 13; Pl.'s Motion for Summary Judgment ("Pl.'s MSJ"), p. 6. Plaintiff subsequently withdrew its TRO, and the Agency agreed not to release plaintiff's Application pending this Court's review of the Agency's decision. *See* Pl.'s MSJ, p. 6. The issues presently before the Court arise from the parties' cross-motions for summary judgment.

## II. ANALYSIS

Summary judgment is appropriate when the pleadings and the record demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "[W]hen ruling on cross-motions for summary judgment, the court shall grant summary judgment only if one of the moving parties is entitled to judgment as a matter of law upon material facts that are not genuinely in dispute." *Pharmachemie B.V. v. Barr Labs., Inc.*, 276 F.3d 627, 629 (D.C.Cir.2002).

■ Plaintiff seeks to prevent defendant from releasing its NMTC Application in response to several FOIA requests. More specifically, Plaintiff contends that the information contained in its Application constitutes "trade secrets" or "confidential commercial information" and, as a result, the entire Application should be exempt from disclosure under § 552(b)(4) of FOIA ("exemption 4"), and the Trade Secrets Act, 18 U.S.C. § 1905.[2] In re-

verse-FOIA cases, such as this case, the Court reviews the Agency decision under the "generally applicable standard" contained in the Administrative Procedure Act ("APA") because such cases are deemed informal agency adjudications. *See* 5 U.S.C. § 706(2)(A); *see also Chrysler Corp. v. Brown*, 441 U.S. 281, 317–18, 99 S.Ct. 1705, 60 L.Ed.2d 208 (1979); *Occidental Petroleum Corp. v. S.E.C.*, 873 F.2d 325, 337 (D.C.Cir.1989). Thus, the narrow issue before the Court is whether the Agency's decision to release portions of plaintiff's Application was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A). For the following reasons, the Court concludes that it is not.

■ "The scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of an agency." *Motor Vehicles Mfrs. Assoc. of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983). Indeed, courts uphold an agency's decision "of less than ideal clarity" so long as the reviewing court can "reasonably discern" the agency's decision-making process from the record. *See Dickson v. Sec. of Def.*, 68 F.3d 1396, 1404 (D.C.Cir.1995). In this regard, the agency record must at least contain a "rational connection between the facts found and the choice made." *Motor Vehicle Mfrs.*, 463 U.S. at 43, 103 S.Ct. 2856.

■ Applying the foregoing principles to the Agency's decision in the instant case, the Court concludes that the Agency's decision to release certain information contained in plaintiff's Application was not

---

**2.** Plaintiff's second written objection contained an additional argument with respect to information elicited by Questions 49 through 64 of the Application. Admin. R., Doc. 16, p. 6. Plaintiff contends that the answers to

these questions are "personal information" about GS's management, which the public does not need to know and is therefore entitled to exemption under FOIA § 552(b)(6) ("exemption 6"). *Id.*

"arbitrary and capricious." Indeed, to the contrary, the record before the Court demonstrates that the Agency carefully considered the nature of the FOIA requests and the basis for the plaintiff's objections before rationally concluding that it should release portions of the plaintiff's Application.

For example, the Fund gave plaintiff ten days to specify all grounds for withholding the information under any FOIA exemptions. Admin. R., Doc. 6, p. 1. In two separate responses, plaintiff argued that the entire Application should be withheld under exemption 4 of FOIA because disclosure would reveal confidential "commercial or financial information." Admin. R., Doc. 7, p. 2; Doc. 16. In both responses, plaintiff presented the Agency with a memorandum that briefed the legal standard governing disclosure under exemption 4, in addition to the plaintiff's argument in favor of finding the Application to be within the exemption's purview. *Id.* On each occasion, the Agency carefully considered the plaintiff's stated objections, but rationally decided that releasing the Application to the requester, subject to the redaction of certain information that qualified for protection under exemption 4, was the appropriate response under the circumstances. *See* Admin. R., Doc. 10, p. 1.

In that regard, the present record is more than sufficient for this Court to "discern" the basis of the Agency's decision to release portions of the Application. The record demonstrates that the Agency carefully evaluated which portions of the Application qualified for protection as confidential "trade secrets or commercial or financial information" under the exemption. Admin. R., Doc. 10, p. 1; Doc. 37 (Vaughn Index) [filed under seal]. Moreover, those portions that were redacted, and the basis for the redactions, were clearly set forth in the Vaughn Index filed with the Court. Admin. R., Doc. 37.

Plaintiff argues that the Agency's decision was "arbitrary and capricious" primarily because the Agency only provided an "express explanation" for its decision to redact certain portions of the Application, but did not provide a justification for the information that it decided to release. Pl.'s Opp., p. 2. Plaintiff also re-argues the merits of whether the information sought in the FOIA request qualifies under exemption 4. Plaintiff's arguments in this regard must be rejected. This Court's review of the Agency's decision is limited to whether it can ascertain any reasonable basis for the Agency's decision, and the Court will not substitute its judgment regarding the application of exemption 4 for that of the Agency. *Nebraska, Dep't of Health & Human Svs. v. U.S. Dep't of Health & Human Servs.*, 340 F.Supp.2d 1, 24 (D.D.C.2004) ("The D.C. Circuit has held that the arbitrary and capricious standard [of the APA] is a highly deferential one which presumes the agency's action to be valid and which mandates judicial affirmance if a rational basis for the agency's decision is presented even though [the court] might otherwise disagree.") (internal quotations omitted). Thus, after careful consideration of the parties' cross-motions and the entire record herein, the Court concludes that there was a reasonable basis for the Agency's decision and, as a result, GRANTS the defendant's motion for summary judgment.

## III.  CONCLUSION

For the foregoing reasons, the defendant's motion for summary judgment is GRANTED and the plaintiff's motion for summary judgment is DENIED. An order directing the parties in a manner consistent with this Memorandum Opinion is

separately and contemporaneously filed herewith.

**FINAL JUDGMENT**

For the reasons set forth in the Memorandum Opinion entered this 16th day of March, 2005, it is hereby

**ORDERED** that the defendant's Motion for Summary Judgment [#22] is GRANTED, and it is further

**ORDERED** that plaintiff's Motion for Summary Judgment [#25] is DENIED, and it is further

**ORDERED** that the defendant release the portions of plaintiff's NMTC Application that it determined must be released under the Freedom of Information Act, and it is further

**ORDERED** that the judgment is entered in favor of the defendant, and the case is dismissed with prejudice.

**SO ORDERED.**